UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT AKRON
CASE NO. _____

| | |
|---|---|
| HEATHER KIMEL, on Behalf of Herself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> GROUPON, INC., NORDSTROM, INC., Individually and on Behalf of All Similarly Situated Entities, and DOES 1 through 100, inclusive, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Judge

CLASS ACTION

COMPLAINT FOR: (1) VIOLATION OF THE CREDIT CARD ACCOUNTABILITY RESPONSIBILITY AND DISCLOSURE ACT AND THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §1693 *et seq*.; (2) VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT, OHIO REVISED CODE §1345 *et seq*; (3) VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT. OHIO REVISED CODE §4165 *et seq*; AND (4) UNJUST ENRICHMENT

DEMAND FOR JURY TRIAL

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR.
RACHEL L. JENSEN
PHONG L. TRAN
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

PARRY DEERING FUTSCHER
  & SPARKS PSC
DANA E. DEERING, #0067856
DAVID A. FUTSCHER, #0039653
411 Garrard Street
Covington, KY  41011
Telephone:  859/291-9000
859/291-9300 (fax)

Plaintiff Heather Kimel, by and through her attorneys, brings this action on behalf of herself and all others similarly situated against Defendants Groupon, Inc., Nordstrom and the Defendant Retail Class, as defined below, for compensatory damages and equitable, injunctive, and declaratory relief.  Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action on behalf of herself and other similarly-situated consumers nationwide who purchased gift certificates for products and services from Groupon, Inc. ("Groupon").  These gift certificates, referred to and marketed as "groupons," are sold and issued with expiration dates that are deceptive and illegal under both federal and state laws.

2.      Groupon is a web-based company that purports to offer discounted deals on a wide variety of products and services, including restaurants and bars, salons and spas, clothing and other retail items, and dance classes and other instructional lessons, among other things.

3.      Groupon's business model is based on offering discounts to consumers en masse by directly partnering with retail businesses that provide the products or services.  Groupon promises to increase the sales volume of its retail partners by sending out "Daily Deal" e-mails to its massive subscription base (comprised of tens of millions of consumers nationwide), highlighting and promoting the products and services of its retail partners.

4.      Once consumers agree to purchase a minimum, specified number of "groupon" gift certificates for a particular "Daily Deal," the "Deal" is officially triggered, and Groupon charges each consumer the advertised purchase amount.  Groupon then sends a confirmatory e-mail to each purchasing consumer with a link to its website for downloading and printing the "groupon" gift

certificate, which then may be redeemed with the retail business offering the product or service, within a limited period of time.

5. Groupon partners with hundreds, if not thousands, of retail businesses around the country, including large, nationwide companies. Groupon and its retailer partners share in revenues from "groupon" sales.

6. However, Groupon and its retail partners sell and issue "groupon" gift certificates with relatively short expiration dates, knowing that many consumers will not use the gift certificates prior to the expiration date. The Credit Card Accountability Responsibility and Disclosure Act ("CARD Act") and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 *et seq.,* specifically prohibit the sale and issuance of gift certificates, such as "groupons," with expiration dates. Similarly, Ohio Revised Code §1349.61 prohibits the sale and issuance of gift certificates that contain an expiration date that is less than two years after the date the gift card is issued.

7. Groupon's systematic placement of expiration dates on its gift certificates is deceptive and harmful to consumers. Groupon effectively creates a sense of urgency among consumers to quickly purchase "groupon" gift certificates by offering "Daily Deals" for a short amount of time, usually a 24-hour period. Consumers therefore are pressured into buying the gift certificates and unwittingly become subject to the onerous sales conditions imposed by Groupon, including illegal expiration terms, which are relatively short, often just a few months.

8. Groupon, Nordstrom, and other members of the Defendant Retail Class, defined below, bank on the fact that consumers often will not manage to redeem "groupon" gift certificates before the limited expiration period – therefore, many consumers are left with nothing, despite already having paid for the particular service or product. Accordingly, Groupon and its retail partners reap a substantial windfall from the sale of gift certificates that are not redeemed before

expiration, which is precisely the type of harmful business conduct that both Congress and the Ohio State Legislature intended to prohibit.

9.      Plaintiff, like many unsuspecting consumers nationwide, fell victim to Groupon's and its retail partners' deceptive and unlawful illegal conduct and purchased a "groupon" gift certificate bearing an illegal expiration date.

10.      Plaintiff, on behalf of herself and the Class, therefore brings this class action against Groupon, Nordstrom and the Defendant Retail Class, as defined below, and Does 1 through 100, inclusive (collectively "Defendants") for equitable (injunctive and/or declaratory) relief based on the violations of the CARD Act and the EFTA, 15 U.S.C. §1693 *et seq.*; the Ohio Consumer Sales Practices Act, Ohio Rev. Code §1345 *et seq.* ("OCSPA"); the Ohio Deceptive Trade Practices Act, Ohio Rev. Code §4165 *et seq.* ("ODTPA"); and unjust enrichment.  Plaintiff seeks damages and equitable relief on behalf of herself and the Class, which relief includes, but is not limited to, full refunds for Plaintiff and Class members, compensatory and punitive damages, an order enjoining Defendants from selling and issuing "groupon" gift certificates with illegal expiration dates and other onerous terms, costs and expenses, as well as Plaintiff's reasonable attorneys' fees and expert fees, and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 and the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class of plaintiffs are citizens of a state different from Defendants.  In addition, pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

12.     This Court has personal jurisdiction over Groupon and Nordstrom because they are authorized to do business and have conducted business in Ohio, they have specifically marketed, sold and issued "groupon" gift certificates in Ohio, they have sufficient minimum contacts with this State, and/or sufficiently avail themselves to the markets of this State through their promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

13.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.  Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

## PARTIES

14.     At all times relevant to this matter, Plaintiff Heather Kimel, resided and continues to reside in Akron, Ohio.  During the relevant time period, Ms. Kimel received offers for discounted products and services from Groupon and purchased a "groupon" gift certificate redeemable at Nordstrom Rack based on representations and claims made by Groupon. The "groupon" gift certificate purchased by Ms. Kimel contained an illegal expiration date.

15.     Defendant, Groupon, Inc., is a privately-held company incorporated under the laws of the state of Delaware.  Groupon's corporate headquarters is located in Chicago, Illinois.  Groupon is registered to do business in the state of Ohio, and does business in the state of Ohio.  Groupon markets, sells and issues its "groupon" gift certificates to millions of consumers throughout the United States, including thousands of consumers in Ohio.

16.     Defendant, Nordstrom, Inc., is a leading specialty retailer with more than 200 stores located in 28 different states.  In addition to its flagship retail stores, Nordstrom operates a chain of clearance stores called Nordstrom Rack.  Nordstrom is a Washington corporation with its principal executive offices located in Seattle, Washington.  Nordstrom is registered to do business in the state

of Ohio, and does business in the state of Ohio.  At all relevant times, Nordstrom operated and continues to operate retail stores, including Nordstrom Rack stores, in Ohio.  Groupon, on behalf of Nordstrom and under an agreement with Nordstrom, marketed, sold and issued "groupon" gift certificates for Nordstrom products to Class members throughout the country and in Ohio.

17.     Nordstrom is being sued individually and on behalf of a Defendant Retail Class of business entities all over the United States that enter agreements and/or partner with Groupon to sell and issue "groupon" gift certificates with illegal expiration dates.

18.     The true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, are presently unknown to Plaintiff who therefore sues these Defendants by fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.  Each of the Doe Defendants is responsible in some manner for the conduct alleged herein.

## FACTUAL ALLEGATIONS

**Defendants' Scheme to Sell and Issue Gift Certificates with Illegal Expiration Dates**

19.     Launched in 2008, Groupon is a "social promotions" website that promises consumers discounted deals on various products and services, purportedly through the power of "collective buying."  To take advantage of the deals offered by Groupon, consumers must sign up and provide their e-mail address and other information to Groupon.  Close to 40 million people worldwide reportedly have signed up to receive offers from Groupon.

20.     Every weekday, Groupon sends subscribers in each of the cities it operates a "Daily Deal" e-mail, promoting the particular products or services of the retail businesses with which it has partnered.  To trigger the "Daily Deal," consumers must purchase a specified number of "groupon" gift certificates for the particular product or service offered that day.  Groupon sends targeted "Daily Deal" e-mails to close to 90 cities throughout the United States.  Groupon sends "Daily Deal" e-mails to promote retail businesses in Akron and Cleveland, Ohio.

21.     To arouse consumer interest and create the urgency to buy "groupon" gift certificates, Groupon offers the "Daily Deal" for a limited amount of time, usually a 24-hour period.  This creates a "shopping frenzy" among consumers who feel pressured to purchase "groupon" gift certificates as quickly as possible.  Consumers purchase "groupon" gift certificates directly through Groupon's website, using their credit or debit cards.

22.     Groupon also uses various forms of electronic social media, such as Facebook and Twitter, to promote and stoke demand for its "Daily Deals," creating additional pressure among consumers to buy "groupon" gift certificates before time runs out.

23.     Once Groupon sells the specified number of "groupon" gift certificates for a particular "Daily Deal," the "Deal" is officially on, and consumers are charged for the purchase. Groupon subsequently sends a confirmatory e-mail to purchasers with a link to its website, through which purchasers may download and print their "groupon" gift certificates.  Consumers may also purchase and download "groupon" gift certificates directly to their mobile phones using an application available on Groupon's website.  "Groupon" gift certificates thereafter may be directly redeemed with the retail businesses offering the products and services.

24.     Groupon admits on its website that the "groupons" it sells and issues to consumers are in fact gift certificates.

25.     Groupon imposes illegal expiration dates, among other onerous conditions, on each "groupon" gift certificate it sells and issues, to the detriment of consumers.  The expiration periods on "groupon" gift certificates are frequently just a few months from the date of purchase.  Ironically, Groupon knows that after it has driven consumers to purchase "groupon" gift certificates as quickly as possible, many consumers ultimately will be unable to redeem the gift certificates before the expiration period.

26.     Accordingly, consumers often cannot take advantage and use the product or service for which they paid before the expiration period imposed by Groupon – leaving a substantial windfall for Groupon and its retail partners.

27.     In addition to imposing illegal expiration periods, Groupon foists other deceptive and unfair conditions on consumers.  Groupon requires consumers to redeem "groupon" gift certificates in the course of a single transaction.  Consumers therefore are forced to redeem their gift certificates all at once and cannot use their gift certificates for multiple transactions or on multiple occasions. Likewise, consumers cannot redeem any unused portion of "groupon" gift certificates for the cash amount.  Moreover, Groupon does not provide cash refunds to consumers when the retail business offering the services or products refuses to honor the "groupon" gift certificate, or goes out of business.  Groupon essentially places handcuffs on the manner in which consumers can redeem their gift certificates for the products and services offered, even though consumers have already paid in full for such products and services.

28.     Moreover, certain "Daily Deals" promoted by Groupon and its retail partners are not really deals at all, insofar as they fail to provide any real discounts to consumers.  For example, Groupon recently partnered with nationwide floral retailer FTD Group, Inc., ("FTD") and offered a FTD "Daily Deal" to take advantage of Valentine's Day holiday shopping.  Groupon claimed that through its FTD "Daily Deal," consumers could purchase $40.00 worth of flowers and gifts from FTD at the discounted price of $20.00.  However, it turned out that the same flowers and gifts could be purchased directly from FTD's own website at a price *lower* than what was offered through Groupon's "Daily Deal."  Accordingly, the Groupon "Daily Deal" was a complete sham.

**Groupon's Retail Business Partners Agree to Sell Gift Certificates with Illegal Expiration Dates**

29.     Groupon focuses on two markets – the consumers who wish to obtain the advertised products or services by purchasing "groupon" gift certificates, and the retail businesses who partner

with Groupon to promote their products and services.  These retail businesses are willing to partner with Groupon and offer their products and services at a discount because Groupon promises to promote their products and services to its huge subscription base and guarantees them a specified volume of business.  In fact, Groupon promises its retail partners that its "Daily Deal" promotion will bring them new customers "overnight."

30.    Groupon partners with both local businesses and large, nationwide companies, such as Nordstrom.  Hoping to bolster slumping retail sales and capitalize on the 2010 holiday shopping season, Nordstrom teamed up with Groupon to promote its chain of discount clearance stores, Nordstrom Rack, and offered a Nordstrom Rack "Daily Deal" in late November 2010.  The promotion was wildly successful as tens of thousands of consumers nationwide flocked to purchase Nordstrom Rack "groupons."  All of the Nordstrom Rack "groupons" were sold and issued with illegal expiration terms.

31.    Groupon's business model, particularly its ability to establish partnerships with retail businesses nationwide, including Nordstrom and other members of the Defendant Retail Class, depends in large part on its systematic use of illegal expiration dates.  Groupon knows that its retail partners are not willing to offer their products and services at a discount to consumers through the sale of "groupon" gift certificates, without an agreement to limit the time period for which consumers can redeem the gift certificates.  Accordingly, Groupon and its retail partners continue to flaunt the law by imposing illegal expiration dates on the "groupon" gift certificates sold to consumers.

32.    Groupon, Nordstrom, and other members of the Defendant Retail Class attempt to circumvent federal and state gift certificate laws by inserting a disclaimer, titled "Legal Stuff We Have To Say," which is buried at the bottom of "groupon" gift certificates in miniscule, barely legible font that is readily overlooked by consumers.

33.     Importantly, the disclaimer is found only on the "groupon" gift certificate itself, which must be downloaded and printed by the consumer.  Thus, consumers who do not download and print their "groupon" gift certificates will never have access to, nor knowledge of, the disclaimer.

34.     Moreover, the disclaimer does not excuse nor justify Defendants' use of illegal expiration periods.  As set forth below, Defendants' imposition of expiration dates on "groupon" gift certificates constitutes *per se* violations of federal and state laws, for which there is no applicable exception.

35.     In any event, once "groupon" gift certificates reach their illegal expiration periods, Groupon and members of the Defendant Retail Class, including Nordstrom, refuse to honor the bargain originally struck between the parties.

36.     Groupon reaps massive profits from this business model.  Groupon typically takes for itself half (50%) on the sale of each "groupon" gift certificate.  Groupon reportedly made half a billion dollars from "groupon" sales in 2010 alone.  Groupon's retail partners also profit from the influx of new customers and bolstered sales that result from the sale of "groupon" gift certificates.  But again, Groupon and its retail partners' undue profits are based, in large part, on their use of illegal expiration periods on the gift certificates sold to consumers.

**Plaintiff Kimel's Purchase of a Nordstrom Rack Groupon with an Illegal Expiration Date**

37.     On or about November 19, 2010, Plaintiff Heather Kimel received a "Daily Deal" e-mail offer from Groupon for Nordstrom Rack "groupon" gift certificates.

38.     Under the terms of the "Daily Deal" offer, as set forth on Groupon's website, Ms. Kimel was required to pay $25.00 to Groupon in exchange for a "groupon" gift certificate redeemable for $50.00 worth of shoes, apparel, accessories and other retail products at Nordstrom Rack.

39.     "The Fine Print" section of the "Daily Deal" offer stated that the Nordstrom Rack "groupon" gift certificate "Expires Dec 31, 2010."  "The Fine Print" section also imposed the following conditions: "Limit 1/person.  Valid at all Nordstrom Rack locations.  In-store only.  Not valid for gift cards.  Not valid with other offers or discounts."

40.     Ms. Kimel purchased a single "groupon" gift certificate for Nordstrom Rack and made payment of $25.00 to Groupon through Groupon's website.

41.     Ms. Kimel subsequently received an e-mail from Groupon confirming her purchase of a Nordstrom Rack "groupon" gift certificate.  The e-mail contained a link to Groupon's website from which Ms. Kimel could download and print the "groupon" gift certificate.

42.     Ms. Kimel was unable to redeem the "groupon" gift certificate before the December 31, 2010 expiration period imposed by Groupon.

43.     Because she could not redeem the "groupon" gift certificate for the value of goods she had bargained for, Ms. Kimel contacted Groupon to ask for a cash refund.  The Groupon representative, however, refused to provide a cash refund to Ms. Kimel.

## CLASS ALLEGATIONS

44.     Plaintiff brings this action on behalf of herself and all those similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

45.     Plaintiff seeks certification of the following classes:

**Plaintiff Class (the "Class" and "Class members")**:

All persons who purchased or acquired a "groupon" gift certificate from Groupon with an expiration date of less than two years from the date of purchase.

Specifically excluded from the Class are Defendants, officers, directors or employees of Groupon or Nordstrom, any entity in which any defendants have a controlling interest and any of the affiliates, legal representatives, heirs, or assigns of Defendants.  Plaintiff reserves her right to amend the Class definition if discovery

and further investigation reveal that the Class should be expanded or otherwise modified.

**Defendant Retail Class**:

All persons or entities that contract and/or partner with Groupon to promote their products and/or services using "groupon" gift certificates with expiration dates of less than two years from the date of purchase.

46. ***Numerosity.*** The Plaintiff Class comprises millions of consumers throughout Ohio and the United States.  Upon information and belief, the Defendant Retail Class is comprised of more than a 1,000 entities doing business in Ohio and the United States.  The Classes are so numerous that joinder of all members of the Classes is impracticable.

47. ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a) Whether Groupon, in conjunction with Nordstrom and other members of the Defendant Retail Class, sold and issued "groupon" gift certificates subject to expiration dates less than two years from the date of purchase;

(b) Whether Defendants and the Defendant Retail Class' imposition of expiration dates on "groupon" gift certificates violates federal and/or Ohio state laws;

(c) Whether Defendants and the Defendant Retail Class engaged in deceptive and unfair business and trade practices related to the imposition of expiration dates on "groupon" gift certificates and other onerous terms and conditions;

(d) Whether Plaintiff and Class members are entitled to declaratory, injunctive and/or equitable relief; and

(e)     Whether Plaintiff and Class members are entitled to compensatory damages, including actual, statutory and punitive damages plus interest thereon, and if so, what is the nature of such relief?

48.     *Typicality*.  Plaintiff's claims are typical of the claims of the members of the Class because she purchased the "groupon" gift certificate from Groupon in a typical retail consumer process and the "groupon" gift certificate had an expiration date.  Thus, Plaintiff and Class members sustained the same damages arising out of Defendants and the Defendant Retail Class' common course of conduct in violation of law as complained of herein.  The damages of each Class member was caused directly by Defendants and the Defendant Retail Class' wrongful conduct in violation of law as alleged herein.

49.     *Adequacy of Representation*.  Plaintiff will fairly and adequately protect the interests of the members of the Class because it is in her best interest to prosecute the claims alleged herein to obtain full compensation due to her for the unfair and illegal conduct of which she complains.  Plaintiff has retained highly competent counsel and experienced class action attorneys to represent her interests and that of the Class.  Plaintiff and her counsel have the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiff has no adverse or antagonistic interests to those of the Class.  Plaintiff is willing and prepared to serve the Court and the Class members in a representative capacity with all of the obligations and duties material thereto and is determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

50.     *Superiority*.  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the

unnecessary duplication of effort and expense that numerous actions would engender. Furthermore, the expenses and burden of individual litigants and the lack of knowledge of Class members regarding Defendants and the Defendant Retail Class' activities, would make it difficult or impossible for individual Class members to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. The trial and litigation of Plaintiffs' claims will be manageable.

51.     Adequate notice can be given to Class members directly using information maintained in Defendants' records or through notice by publication.

52.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this Class Action Complaint that would preclude its maintenance as a class action.

53.     Plaintiff seeks actual and punitive damages, to the extent available. Damages may be calculated from the sales records in Defendants and the Defendant Retail Class' possession, so that the cost of administering a recovery for the Class can be minimized. Importantly, the precise amount of damages available to Plaintiff and other members of the Class is not a barrier to class certification.

54.     Plaintiff also seeks equitable and injunctive relief on behalf of all Class members on grounds generally applicable to the entire Class. Unless a class is certified, Defendants and the Defendant Retail Class will retain monies received as a result of their conduct that were taken from Plaintiff and proposed Class members. Unless a class-wide injunction is issued, Defendants and the Defendant Retail Class will continue to commit the violations alleged herein, and the members of the Class will continue to be misled and denied their rights.

## COUNT I

### Violations of the Credit Card Accountability Responsibility and Disclosure Act and Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*, on Behalf of Plaintiff and All Class Members Against All Defendants

55.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Class Action Complaint as if set forth herein.

56.     The CARD Act, which amends the EFTA, prohibits the sale or issuance of gift certificates that feature and are subject to expiration dates.

57.     Groupon, Nordstrom and members of the Defendant Retail Class sold and issued and/or agreed to sell and issue "groupons," which are "gift certificates" as defined under 15 U.S.C. §1693l-1(a)(2)(B).  "Groupons" constitute promises that are: (a) redeemable at a single merchant or an affiliated group of merchants; (b) issued in a specified amount that may not be increased or reloaded; (c) purchased on a prepaid basis in exchange for payment; and (d) honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

58.     Indeed, Groupon admits on its website that the "groupons" it sells and issues to consumers are gift certificates.

59.     At all relevant times, "groupon" gift certificates were sold and issued to consumers through electronic fund transfer systems established, facilitated and monitored by Groupon.

60.     "Groupon" gift certificates are not exclusively issued in paper form, as Groupon provides an e-mail link to consumers to download and print such gift certificates.  Moreover, consumers may download "groupon" gift certificates to their mobile phones through an application available on Groupon's website.

61.     "Groupon" gift certificates are marketed and sold to the general public and are not issued as part of any loyalty, award, or promotional program.

62. Groupon, Nordstrom and members of the Defendant Retail Class violated the CARD Act and EFTA by selling and issuing and/or agreeing to sell and issue "groupon" gift certificates with expiration dates, which is plainly prohibited under §1693l-1(a)(2)(B) and §1693l-l(c)(1).

63. As a direct and proximate result of Defendants and the Defendant Retail Class' unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was charged and collected by Defendants and the Defendant Retail Class through the sale of "groupon" gift certificates with illegal expiration dates.

64. Pursuant to 15 U.S.C. §1693m, Plaintiff, on behalf of herself and the Class, seeks a Court order for actual and statutory damages to be determined by the court, injunctive relief, as well as reasonable attorneys' fees and the cost of this action.

## COUNT II

### Violation of Ohio Consumers Sales Practices Act , Ohio Revised Code Annotated §1345 *et seq.*, on Behalf of Plaintiff and Class Members Who Reside in Ohio Against All Defendants

65. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Class Action Complaint as if set forth herein.

66. Groupon, Nordstrom and members of the Defendant Retail Class are "suppliers" and "persons" as defined in the OCSPA, Ohio Rev. Code §1345.01(B) and (C), and they conduct "consumer transactions" within the meaning of the OCSPA, Ohio Rev. Code §1345.01(A) by selling and issuing and/or agreeing to sell and issue "groupon" gift certificates to consumers in Ohio.

67. Plaintiff and all other Class members are "consumers" as defined in the OCSPA, Ohio Rev. Code §1345.01(D).

68. Ohio Rev. Code §1345.02 prohibits "unfair or deceptive act[s] or practice[s] . . . in connection with a consumer transaction." Defendants and the Defendant Retail Class' conduct violate section 1345.02's prohibition against engaging in unfair or deceptive acts or practices by, *inter alia*, selling and issuing and/or agreeing to sell and issue "groupon" gift certificates that are

subject to an expiration date earlier than 2 years after the date of issuance, a condition that is prohibited under both federal and Ohio state laws.

69.     As discussed above, Defendants' and the Defendant Retail Class' ongoing sale and issuance of gift certificates with expiration dates violate the federal CARD Act and EFTA, 15 U.S.C. §1693 *et seq.*, which prohibits the sale of gift certificates with expiration dates and therefore such conduct constitutes an "unfair" and "deceptive" act and practice under Ohio Rev. Code §1345.02.

70.     Defendants' and the Defendant Retail Class' conduct is also unfair and deceptive under Ohio Rev. Code §1345.02 because they sell and issue "groupon" gift certificates that are subject to expiration dates earlier than 2 years after the date of issuance, which is plainly prohibited under Ohio Rev. Code §1349.61.  Specifically, Ohio Rev. Code §1349.61(A)(1) provides that "no person or entity shall sell a gift card to a purchaser containing an expiration date that is less than two years after the date the gift card is issued."  Accordingly, Defendants were placed on prior notice that their sale and issuance of gift certificates with expiration dates less than two years was unfair, deceptive and unconscionable.

71.     "Groupons" are "gift cards," as defined under Ohio Rev. Code §1349.61(E)(1), because they  constitute "a certificate, electronic card, or other medium issued by a merchant that evidence the giving of consideration in exchange for the right to redeem the certificate, electronic card, or other medium for goods, food, services, credit, or money of at least an equal value."

72.     "Groupon" gift certificates are marketed and sold to the general public and are not "distributed by the issuer to a consumer pursuant to an awards, loyalty, or promotional program without any money or anything of value being given in exchange for the gift card by the consumer." Ohio Rev. Code §1349.61(C)(1).  In addition, "groupon" gift certificates are marketed and sold to the general public and are not "sold below face value at a volume discount to employers or to nonprofit and charitable organizations for fundraising purposes."  Ohio Rev. Code §1349.61(C)(2).

73. Defendants' and the Defendant Retail Class' ongoing placement of illegal expiration dates and imposition of other deceptive sales terms on "groupon" gift certificates violate the following subsections of Ohio Rev. Code Ann. §1345.02(B) in these respects:

(1) Defendants' acts and practices constitute misrepresentations that "groupon" gift certificates have characteristics, benefits or uses which they do not have;

(2) Defendants misrepresented that the "groupon" gift certificates are of a particular standard, quality and/or grade, when they are not; and

(5) Defendants' acts and practices constitute representations that "groupon" gift certificates have been supplied in accordance with previous representations when they have not.

74. Defendants and the Defendant Retail Class also violate section 1345.02(B) by imposing other unfair and deceptive conditions on their "groupon" gift certificates, including forcing consumers to redeem the gift certificates in the course of a single transaction; misrepresenting the nature and amount of product discounts by manipulating the price of the gift certificates; and limiting consumers from using more than one "groupon" gift certificate during each visit to the retail business offering the particular product or service.

75. Furthermore, Defendants and the Defendant Retail Class disseminate and/or agree to disseminate, through Groupon's website and other promotional channels, misleading and partial statements about "groupon" gift certificates that have a tendency to mislead the public. Defendant and the Defendant Retail Class knowingly misrepresent and omit material information about "groupon" gift certificates with the intent to induce reliance by consumers to purchase such gift certificates and enter into one-sided transactions.

76. Defendants and the Defendant Retail Class intended for the Plaintiff and all other Class members to rely on its unconscionable and deceptive practices in that consumers would

purchase the "groupon" gift certificates without understanding the onerous terms and illegal expiration dates imposed on them.

77.     As a direct and proximate result of Defendants and the Defendant Retail Class' unfair, deceptive and unconscionable conduct, Plaintiff and Class members were deprived of the use of their money that was charged and collected by Defendants and the Defendant Retail Class through the sale of "groupon" gift certificates with illegal expiration dates.  Defendants' and the Defendant Retail Class' conduct caused and continues to cause substantial injury to Plaintiff and other Class members.  Plaintiff has suffered actual damages as a result of Defendants' and the Defendant Retail Class' unfair, deceptive and unconscionable practices.

78.     Accordingly, Plaintiff and other Class members seek an order requiring Defendants and the Defendant Retail Class to immediately cease their unfair and deceptive actions and business practices and requiring Defendants and the Defendant Retail Class to return the full amount of money improperly collected to all those who have paid them.   Under Ohio Rev. Code Ann. §1345.09, Plaintiff and other Class members are entitled to enjoin further violations; recover actual damages; punitive damages; the costs of the suit, including reasonable attorneys' fees; and such further equitable relief as the Court may deem proper.

## COUNT III

### Violation of Ohio Deceptive Trade and Practices Act, Ohio Revised Code §4165 *et seq.*, on Behalf of Plaintiff and Class Members Who Reside in Ohio Against All Defendants

79.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Class Action Complaint as if set forth herein.

80.     Under the ODTPA, a "person who is injured by a person who commits a deceptive trade practice . . . may commence a civil action to recover actual damages from the person who commits the deceptive trade practice."  Ohio Rev. Code §4165.01(A)(2).

81.     Groupon, Nordstrom, and members of the Defendant Retail Class are "persons" as defined in the ODTPA, Ohio Rev. Code §4165.01(D).

82.     Plaintiff and all other Class members are "persons" as defined in the ODTPA, Ohio Rev. Code §4165.01(D).

83.     Defendants and the Defendant Retail Class' ongoing placement of illegal expiration dates and imposition of other deceptive sales terms on "groupon" gift certificates violate the following subsections of Ohio Rev. Code Ann. §4165.02(A) in these respects:

(7)     Defendants' practices constitute misrepresentations that "groupon" gift certificates have characteristics, benefits or uses which they do not have;

(9)     Defendants misrepresented that the "groupon" gift certificates are of a particular standard, quality and/or grade, when they are not;

(11)    Defendants' practices constitute the advertisement of goods with the intent not to sell them as advertised; and

(12)    Defendants' false statements and price manipulation misrepresented the nature and amount of product discounts.

84.     By reason of the foregoing, Plaintiff and the Class have suffered harm and are likely to suffer harm as a result of Defendants and the Defendant Retail Class' deceptive practices.

85.     Accordingly, Plaintiff and other Class members seek an order requiring Defendants and the Defendant Retail Class to immediately cease their deceptive practices.  Pursuant to Ohio Rev. Code Ann. §4165.03, Plaintiff and other Class members are entitled to enjoin further violations; recover actual damages; punitive damages; the costs of the suit, including reasonable attorneys' fees; and such further equitable relief as the Court may deem proper.

## COUNT IV

### Unjust Enrichment on Behalf of Plaintiff and
### All Class Members Against All Defendants

86.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this Class Action Complaint as if set forth herein.

87.     Defendants have received, and continue to receive, a benefit at the expense of Plaintiff and the Class members.

88.     Defendants knowingly and/or recklessly sold and issued or agreed to sell and issue "groupon" gift certificates with illegal expiration dates, as well with other deceptive terms and conditions.

89.     As a direct and proximate result of Defendants' unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was unlawfully charged and collected by Defendants, and are therefore entitled to reimbursement of any money unjustly paid to Defendants in connection with the sale of "groupon" gift certificates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendants and the Defendant Retail Class as follows:

A.      For an order declaring this a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed classes described herein and appointing Plaintiff to serve as class representative and Plaintiff's counsel as Lead Counsel for the Class;

B.      For an order enjoining Defendants and the Defendant Retail Class from continuing to sell and issue "groupon" gift certificates and pursue the above policies, acts and practices related to the sale and issuance of such gift certificates;

C.      For an order requiring Defendants and the Defendant Retail Class to fund a corrective advertising campaign in order to remedy their wrongful and illegal conduct;

D.      For an order awarding restitution of the monies Defendants and the Defendant Retail Class wrongfully acquired by their wrongful and illegal conduct;

E.      For an order requiring disgorgement of monies wrongfully obtained as a result of Defendants and the Defendant Retail Class' wrongful and illegal conduct;

F.      For compensatory and punitive damages, including actual and statutory damages, arising from Defendants and the Defendants Retail Class' wrongful and illegal conduct;

G.      For an award of reasonable attorneys' fees and all costs and expenses incurred in the course of prosecuting this action;

H.      For pre-judgment and post-judgment interest at the legal rate; and

I.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED:  March 9, 2011                    PARRY DEERING FUTSCHER & SPARKS PSC

                                         s/ Dana E. Deering
                                         _____
                                         DANA E. DEERING, #0067856
                                         ddeering@pdfslaw.com
                                         DAVID A. FUTSCHER, #0039653
                                         dfutscher@pdfslaw.com
                                         411 Garrard Street
                                         Covington, Kentucky  41011
                                         Phone:  (859) 291-9000
                                         Fax:  (859) 291-9300

                                         ROBBINS GELLER RUDMAN & DOWD LLP
                                         JOHN J. STOIA, JR.
                                         RACHEL L. JENSEN
                                         PHONG L. TRAN
                                         655 West Broadway, Suite 1900
                                         San Diego, California  92101-3301
                                         Phone:  (619) 231-1058
                                         Fax:  (619) 231-7423

                                         Attorneys for Plaintiff

- 21 -